UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFA PRIVATE EQUITY FUND 1,

  Plaintiff,

v.

MIRESCO INVESTMENT SERVICES, *et al.*,

  Defendants.
           /

Case No. 02-74650

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE WRITTEN SETTLEMENT AGREEMENT OR IN THE ALTERNATIVE TO REQUEST DATES EXTENDED IN SCHEDULING ORDER [48]**

Plaintiff AFA Private Equity Fund 1 ("AFA") filed this securities action against Defendants for damages arising out of a private initial offering securities sale. This matter comes before the Court on AFA's motion to enforce the written settlement agreement executed between AFA and Defendant Miresco and, in the alternative, to extend all dates contained in the current scheduling order. For the reasons stated below, AFA's motion to enforce the written settlement agreement is GRANTED.

**II. Facts**

 **A. Background**

Miresco is a national retailer and wholesale distributor of area rugs. (1st Am. Compl. ¶ 15.) In early 2002, Miresco decided to raise money by selling certain securities. (*Id.* at ¶ 18.) Miresco issued a confidential Private Placement Offering Memorandum (the "Offering Memorandum") by which Miresco proposed to raise $2.5 million through the sale

of Series B convertible preferred stock (the "Series B Preferred Stock").  Defendants distributed the Offering Memorandum and other financial and managerial information to AFA's representatives in Michigan.  (*Id.* at ¶¶ 18, 21.)

Defendant Sanders Morris Harris, Inc. ("SMH"), a Texas financial services firm, offers private client services, institutional investment services, investment banking services and private equity funds to individuals and entities throughout the United States, including individuals and entities located in the State of Michigan.  (*Id.* at ¶ 23.)  SMH acted as the placement agent for the offering of the Series B Preferred Stock.  (*Id.* at ¶ 24.)  It was a dual agent, serving as agent for both Miresco and each of the investors in the Series B Preferred Stock.  (*Id.*)

At all relevant times, Defendant Michael Chadwick was a director, member of the audit committee, and shareholder of Miresco, as well as a Senior Vice President, Managing Director, and shareholder of SMH.  (*Id.* at ¶¶ 7, 51.)  Chadwick was directly responsible for preparing the financial statements and other financial information of Miresco.  (*Id.* at ¶ 53.)  Representatives of SMH, including Chadwick, helped prepare, reproduce and distribute the Offering Memorandum and other documents.  (*Id.* at ¶ 27.)  SMH's representatives, including Defendant Chadwick, communicated with Plaintiff numerous times by telephone, mail, and e-mail regarding the sale of the stock.

Weinstein, Spira & Company ("WSC") is a firm of public accountants, and WSC was the accountant and auditor for Miresco.  (*Id.* at ¶ 29.)  Financial information compiled by WSC appears throughout the Offering Memorandum.  (*Id.* at ¶ 33.)

On May 10, 2002, Plaintiff AFA executed the Purchase Agreement, whereby AFA purchased 73,600 shares of Series B Preferred Stock in exchange for $1 million.  In June

of 2002, SMH representatives, including Chadwick, informed Plaintiff that the financial statements used in connection with the Offering Memorandum, the Purchase Agreement, and the purchase and sale of the Series B Preferred Stock were materially and adversely false.  (*Id.* at ¶¶ 62, 64.)

### B. Procedural

Plaintiff AFA's First Amended Complaint, filed December 23, 2003, alleges: violations of Sections 10(b) and 29b of the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* (Counts I and II); violations of Section 12(a)(2) of the Securities Act of 1933 (Count III - subsequently dismissed by the parties via stipulation dated 5/27/04); violations of Section 17(a) of the Securities Act of 1933 (Count IV); violations of the Michigan Uniform Securities Act, Mich. Comp. Laws § 451.701 (Count V) and § 451.501(2) (Count VI); breach of contract (Counts VII and XIII); fraud (Count VIII); silent fraud (Count IX); negligent misrepresentation (Count X); and negligence and breach of fiduciary duty  (Counts XI and XII).  Defendants include Miresco Investment Services, Inc. ("Miresco"), SMH, Weinstein Spira & Co., Amir Mireskandari (officer and principal shareholder of Miresco), Marissa Hernandez (Chief Financial Officer of Miresco), Michael Chadwick, and Frederick Huttner (Director, member of the audit committee, consultant and shareholder of Miresco).

This Court previously heard SMH's motion to dismiss the claims alleged against it and Weinstein, Spira & Co.'s motion to dismiss for lack of personal jurisdiction.  In an April 13, 2004 Order, this Court granted SMH's motion to dismiss the claims alleged against it in Counts I and III only and denied the motion as to the remaining Counts.  The Court also denied WSC's motion to dismiss for lack of personal jurisdiction.

### 1. December 2004 Settlement

On December 22, 2004, Defendant Miresco made a written settlement offer to Plaintiff AFA. That letter stated that, "[a]lthough this letter contains the <u>material terms of the offer</u>, the parties will enter into final settlement documentation once this offer is accepted." (Pl.'s Ex. D at 2 (emphasis added).) Plaintiff accepted the settlement offer in writing on December 23, 2004. The material terms of the settlement offer are as follows.

Miresco Investment Services:

(1) will pay AFA $600,000 in cash in two equal installments -- $300,000 on the date the settlement agreement contemplated above is signed by AFA, and $300,000 thirty (30) days after that date; and

(2) entitle AFA to collect additional sums from the monetary recovery (through settlement or judgment), if any, from the litigation against WSC pending in Harris County, Texas (the "WSC Harris County Litigation") (potentially $200,000).[1]

---

[1] Specifically, AFA will collect a total of $200,000 from the monetary recovery in the WS Harris County Litigation, <u>but</u> this amount will be due and payable <u>only after</u> the following payments are made from the gross recovery from the WS Harris County Litigation:

    (a)    first, to the parties that have funded the Harris County Litigation, in an amount equal to 250% of the "at risk" dollars provided by each such party in connection with the financing of the Harris County Litigation, which is currently estimated to be $220,000; and
    (b)    second, $170,000 to repay notes issued to finance the initial $200,000 repurchase of shares from AFA (the $170,000 Note Repayment).

After these two payments have been made from the WS Harris County Litigation recovery, if any, then AFA, IGP and the other Series B Shareholders (represented by SMH) would share pro rata in the next $2,730,000 from that litigation recovery based upon the following ratio amounts (until recovery of such amounts):

    (a)    with regard to AFA, $200,000;
    (b)    with regard to other Series B Stockholders, $1,500,000; and
    (c)    with regard to IGP, $1,030,000.

If there is not enough money left from the recovery in the WS Harris County Litigation after

Once the second $300,000 installment payment is made from Miresco to AFA, AFA will:

(1) sign a release of liability and dismiss with prejudice all claims asserted or that could have been asserted against Miresco (and its officers, directors, shareholders, affiliates, subsidiaries, and parent companies), Amir Mireskandari, Miresco SPE, LLC, Sanders Morris Harris, Inc. ("SMH") (and its officers, directors, shareholders, affiliates, subsidiaries, and parent companies) and Innovation Growth Partners II, LLC ("IGP") (and its officers, directors, shareholders, affiliates, subsidiaries, and parent companies);

(2) return to Miresco all stock (common or preferred) and warrants issued to AFA; and

(3) assign to Miresco all claims AFA ever had against Weinstein Spira & Co. ("WSC") with respect to AFA's investment into Miresco.

The December 22, 2004 letter stated that the offer was valid until revoked or until 5:00 p.m. on December 24, 2004, whichever first occurred. As indicated above, AFA accepted on December 23, 2004. At the March 30, 2005 hearing on this motion, the Miresco Defendants did not dispute the terms of the Settlement Agreement that AFA seeks to enforce; and thus, the Court concludes that the parties reached an agreement on all material terms.

**2. Miresco's Breach of Settlement Agreement**

---

the WS Litigation Financing Payment and $170,000 Note Repayments are made to equal $2,730,000, then SMH, AFA, and IGP will split what is left over in the following percentages which should correspond to the pro rata sharing arrangement set forth above: (a) AFA: 7.326%; (b) IGP: 37.72893%; and (c) SMH: 54.94505%.

The Offer had an attached email indicating SMH and IGP's agreement to allow APA to share in the WS Harris County Litigation Recovery as set forth above.

AFA's counsel, Brian O'Keefe, has filed an Affidavit averring that he executed this Settlement Agreement (Exhibit D) on December 23, 2004. (Pl.'s Ex. A, O'Keefe Aff. at ¶ 2.) On Tuesday, January 18, 2005, he was contacted by Miresco's counsel advising him that Miresco and Amir Mireskandari were no longer willing to settle on the terms set forth in the Settlement Agreement. AFA is now before the Court seeking to have this Settlement Agreement enforced.

## II.  Analysis

Plaintiff AFA argues that this Court has "inherent" power to enforce the December 2004 Settlement Agreement. *Arco Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976). AFA and Miresco, through their respective counsel entered into a written settlement agreement after several months of negotiations. Miresco, without valid reason, has attempted to back out of the Agreement. Accordingly, AFA argues, it is appropriate for this Court to enforce the Settlement Agreement. This Court agrees.

Defendants Miresco Investment Services, Amir Mireskandari and Miresco SPE, LLC ("Miresco Defendants") admit that they entered into a Settlement Agreement with AFA and do not dispute the terms of that Agreement. Moreover, the Miresco Defendants do not argue that the Settlement Agreement should not be enforced. Rather, they contend that the Agreement contemplated certain conditions precedent to Miresco's performance; i.e., SMH and other Series B Shareholders comply with a November 3, 2004 Agreement (and December 6, 2004 amendment) in which they agreed to return their Miresco stock to Miresco in exchange for Miresco settling the AFA claims against SMH and Miresco. (Miresco Defs.' Ex. 1, 11/3/04 Settlement Letter.) The Miresco Defendants further argue that the conditions precedent to their performance failed when SMH unilaterally withdrew

its consent to the November 3, 2004 Settlement Letter.  (Miresco Defs.' Ex. 2, 1/12/05 Letter.)  Finally, the Miresco Defendants argue that their compliance with the December 2004 Settlement Agreement is not possible without enforcement of their November 3, 2004 Agreement with SMH and the other Series B Shareholders as well.

The Miresco Defendants arguments are not persuasive.  Contrary to the arguments asserted above, the plain language of the December 2004 Settlement Agreement reveals that there is no reference to the conditions precedent that these Defendants rely upon.  Accordingly, their arguments are rejected.

### III.    Conclusion

For the above-stated reasons, this Court GRANTS AFA's motion to enforce the December 2004 settlement agreement.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  April 28, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2005, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager